UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY PAPADOPOULOS,

                Plaintiff,

v.

CITY OF NEW YORK; TOWN OF
SOUTHAMPTON

                Defendants.



ORDER

10 CV 09454 (GBD)

GEORGE B. DANIELS, District Judge:

On June 23, 2010, Chief Judge Preska dismissed <u>Gregory Papadopoulos v. Julia Mineeva and Her Seven Unknown Co-Conspirators</u>, 10 Civ. 4882 (LAP), as frivolous and duplicative of one of Plaintiff's prior actions in this Court. The Chief Judge also ordered Plaintiff to show cause by affirmation within ten days as to why he should not be barred from filing further actions in this Court without prior permission. On February 8, 2011, Chief Judge Preska entered an Order barring Plaintiff from "filing further actions in this Court without first obtaining from the Court leave to file."

Plaintiff filed a complaint in the above-captioned action on December 14, 2010, without prior permission from the Court, and summons for service upon the defendants has not yet issued. It is ordered that summons for service will not issue. This action is hereby DISMISSED. No further filings by Plaintiff will be permitted in this Court without prior leave to file granted by the Chief Judge pursuant to her February 8, 2011 Order. The Clerk of the Court is hereby directed to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose

of an appeal. See Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

Dated: New York, New York
      February 22, 2011

SO ORDERED:

*/s/ George B. Daniels*

GEORGE B. DANIELS
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
     :
GREGORY PAPADOPOULOS (PALOS),    :
     :
     Plaintiff,    :
  -against-    :
     :
JULIA MINEEVA;    :
HER SEVEN UNKNOWN CO-CONSPIRATORS, :
     :
     Defendants.    :
------------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/(2/11

ORDER

10 Civ. 4882 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff filed this action *pro se* on June 4, 2010. On June 23, 2010, the Court dismissed the action as frivolous and duplicative of one of Plaintiff's prior actions in this Court. The Court also ordered Plaintiff to show cause by affirmation within ten days as to why he should not be barred from filing further actions in this Court without prior permission. For the reasons below, Plaintiff is hereby barred from filing further actions in this Court without prior permission.

## BACKGROUND

In its June 23, 2010 Order, the Court dismissed the complaint in this action as frivolous and duplicative of Papadopolous v. United States Gov't, et al., No. 08 Civ. 11256 (RMB) (RLE) (S.D.N.Y. Aug. 16, 2010) (dismissing action on several grounds, including fact that Plaintiff's conspiracy claims are vague, conclusory, implausible and frivolous; Motion for Reconsideration denied Oct. 14, 2010), app. dismissed, Nos. 10-3480-cv, 10-3484-cv (2d Cir. Dec. 16, 2010) (dismissed as frivolous). The Court also ordered Plaintiff to show cause by Affirmation within ten days as to why he should not be barred from filing further actions in this Court without prior permission.

On June 29, 2010, Plaintiff submitted a letter in which he requested an extension of time to respond to the Court's Order. On July 6, 2010, the Court granted Plaintiff's request and ordered him to file his Affirmation on or before July 19, 2010.

On July 7, 2010, Plaintiff filed a Motion for Reconsideration of the Court's June 23, 2010 Order, and July 20, 2010, he filed Motion for a Stay of the Proceedings, as well as a "Response by Plaintiff Regarding Court's Proposed Imposition of Injunction." On July 27, 2010, Plaintiff filed a Notice of Appeal, removing the action from this Court's jurisdiction. See generally Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). On October 20, 2010, the United States Court of Appeals for the Second Circuit dismissed the appeal as frivolous. See Papadopoulus (PALOS) v. Mineeva, No. 10-3280-cv (2d Cir. Oct. 20, 2010) (motion for rehearing denied Jan. 6, 2011). On February 1, 2011, the Court of Appeals issued its mandate in the action, see id., restoring jurisdiction to this Court, see United States v. Rivera, 844 F.2d 916, 921 (2d Cir. 1988) ("jurisdiction follows the mandate").

## DISCUSSION

In his June 29, 2010 Letter requesting an extension of time and in his July 20, 2010 "Response by Plaintiff Regarding Court's Proposed Imposition of Injunction," Plaintiff asserted that he had not been warned that his frivolous litigation could result in an injunction against him from filing future complaints without Court permission. First, Plaintiff is indeed entitled to notice and opportunity to be heard before the Court imposes such an injunction on him, Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard."). There is no additional

2

entitlement, however, to receive a "warning" before a Court provides notice and opportunity to be heard before imposing a bar order, although many courts do choose to provide such warnings, as the Court did in its June 11, 2010 Orders in Plaintiff's other cases. See Papadopoulos v. Fanjul, No. 10 Civ. 4579 (LAP) (S.D.N.Y. June 11, 2010) (dismissed as duplicative of No. 08 Civ. 11256), app. dismissed, No. 10-3210-cv (2d Cir. Nov. 23, 2010) (dismissed as frivolous; reh'g denied Jan. 5, 2011), and Papadopoulos v. Federal Bureau of Investigation, No. 10 Civ. 4574 (LAP) (S.D.N.Y. June 11, 2010) (same), app. dismissed, No. 10-3217-cv (2d Cir. Dec. 30, 2010) (dismissed as frivolous).

Second, even after Plaintiff had received the Court's June 11, 2010 warnings, Plaintiff continued to telephone, visit and write letters to numerous units within the Court demanding expedited review of the Complaint in this action. See, e.g., Letter from Plaintiff to District Executive, dated June 16, 2010 (attached hereto). Plaintiff therefore has received ample warning of the possible consequences of his abuse of Court resources and his disruptive behavior.

## CONCLUSION

Accordingly, (1) Plaintiff is hereby barred from filing future actions in this Court, except an appeal relating to this Order, without first obtaining from the Court leave to file; (2) Plaintiff is hereby warned that his continual disruptive communication with the Court or the submission of further duplicative or frivolous documents may result in the imposition of additional sanctions, including monetary penalties. See 28 U.S.C. § 1651. The Clerk is directed to close this action. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from

this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*Loretta A. Preska*
LORETTA A. PRESKA
Chief United States District Judge

Dated:   **FEB 08 2011**
New York, New York

4

Gregory Papadopoulos
19 E 65th st. apt 7B
New York, NY. 10065
917-754-7979

June 16, 2010

**Clifford Kirsch**
District Executive
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, New York 10007

Dear Mr Kirsch:

I wish to register with you a complain about the Pro se Office. I have filed a number of cases against the FBI, the Palm Beach Mafia (Fanjul family of Palm Beach) and their co-conspirators or informers.

The Pro se Office repeatedly stalls the cases, gives me wrong advice, assigns the cases to the judge of their choice, and in general does every thing within the power to weaken my likelihood of success. The Fanjul family is very wealthy family of sugar farmers who through political contributions have purchased the cooperation of the FBI. They run a Mafia type of Enterprise protected by the FBI.

08CIV11256 was improperly assigned to Judge Berman and Judge Ellis. All Palm Beach Mafia/FBI cases are routinely are assigned to those Judges.

10CIV4579 and 10CIV4574 were improperly referred to Judge Preska who dismissed them instantly. Judge Preska is a Bush appointee and on Bush's list for the Supreme Court. The Fanjul family is credited with tipping the Gore-Bush election in favor of Bush even though Gore was the clear winner. Their manipulation of the counting of votes in Palm Beach County was sufficient to tip the national election in favor of Bush. Governor Jeb Bush subsequently gave the Fanjul family 187,000 acres of Florida State land for nothing as a reward for electing both brothers into office.

A forth case Papadopoulos vs. Mineeva has been mothballed by the Pro Se office for two weeks now. I understand Miss Minneva, is an FBI informant, pretend girlfriend and Prostitute working for the Palm Beach Mafia. She is currently being transferred to another location while the Pro Se Office is stalling this case, thus making it impossible to ever serve her or depose her. The FBI and the PBM will fight touth and nail to insure that non of their assistants ever gets deposed.

I have also received wrong and misleading information by Pro Se lawyers and clerks in an effort to sabotage my cases against the FBI, the Fanjul family and their co-conspirators.

I will ask for a meeting with you so at the very list you can advise me how to proceed.

Gregory Papadopoulos